MARGUERITE BERRIEN, PLAINTIFF-APPELLANT, v. NEW YORK LIFE INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Argued May 16, 1944—Decided September 14, 1944.

For the appellant, *Carey & Lane.*

For the respondent, *Wall, Haight, Carey & Harlpence.*

The opinion of the court was delivered by

COLIE, J. This is the plaintiff's appeal from a judgment entered after the court below had directed a verdict for defendant.

Dr. George E. Berrien applied for an insurance policy in the sum of $10,000 on his life. Sometime later, the company wrote a policy which its agent, Bradford, took to Dr. Berrien and advised him that the company had found it necessary to charge him at a rate higher than standard. The doctor refused to accept the policy because, he said, that he could secure a policy in another company at the standard rate. The agent then suggested that Dr. Berrien take the policy and compare its provisions with those in the policy of another company. The doctor took it and simultaneously signed a receipt therefor. The receipt bears on its face a statement that it is a "Receipt for Policy delivered for Inspection." The pertinent parts of the body of the instrument read: "Said policy is delivered to me and received by me for inspection only, and I hereby agree that said Company shall incur no liability thereunder unless the first premium thereof shall have been paid in full to, and accepted by, said Company during my lifetime and then only if I have not consulted or been treated by any physician since my medical examination, and I further agree to return said policy to said Company upon demand by it, at any time prior to the said acceptance by it of said premium." Subsequent to the delivery of the policy and the signing of the receipt, Bradford called upon the doctor to take back the policy and was told by the doctor that he was too busy at that time to go to his home and get it but that he would mail it later. Bradford, not receiving the policy, called on him again. The doctor again said that he would mail the policy. It was not received and Bradford then attempted to telephone to Dr. Berrien but was advised of the latter's death. The policy was found among the doctor's effects and his mother, Marguerite Berrien, who was named as beneficiary in the policy, demanded payment of the amount thereof. The company refused payment, whereupon she instituted suit with the result first above mentioned.

The appellant presents and argues six grounds of appeal.

The first five go to the admission or rejection of evidence. We have examined each ground and find no error in the rulings of the trial judge.

The remaining ground is alleged error in directing a verdict for the defendant company. At the time of the ruling complained of, the evidence was as hereinabove set forth with additional fact that the policy was in evidence. It contained a provision that "This contract is made in consideration of the application therefor and of the payment in advance of the sum of $295.50, the receipt of which is hereby acknowledged, constituting the first premium and maintaining this Policy for the period terminating on the Seventh day of August Nineteen hundred and forty-two * * *."

The theory upon which appellant sought to recover was that a presumption of delivery arose from the finding of the policy among the doctor's papers after his death; that delivery being presumed, the policy provision acknowledging receipt of the first premium estopped the company from interposing the defense of non-payment of premium and the defense of a conditional delivery and non-compliance with the conditions. Her main reliance was rested upon *Basch* v. *Humboldt Mutual Fire and Marine Insurance Co.*, 35 *N. J. L.* 429. The cited case holds that when a policy containing an acknowledgment of receipt of the first premium and a provision that liability under the policy would not arise until the premium was actually paid to the company, the issuing company was estopped from setting up non-payment of the premium in order to avoid liability. In the *Basch* case there was no question of a conditional delivery involved and the policy stated the contract between the parties. In the instant case, the primary question to be determined is what the contract was between Dr. Berrien and the company when he died. Appellant argues that the contract then in existence was the policy. The respondent argues that the contract then in force was embodied in the terms of the receipt signed when the policy was delivered.

When the company issued and tendered to the doctor a policy which differed in essential respects from that applied for, it was, in legal contemplation, making a counter-offer.

Before that counter-offer could ripen into a contract, its terms had to be accepted by the offeree. Until the terms of the counter-offer were accepted, the policy was a mere proposal. There was lacking that meeting of the minds of the contracting parties without which no contract arises. What the minds of the parties met on is embodied in the terms of the receipt to the effect that the policy was delivered for the limited purpose of inspection only and in consideration thereof the doctor agreed that no liability should arise under the policy except upon the performance of two distinct acts on his part, the one being payment of the first premium, the other being proof that he had not consulted or been treated by any physician since his prior medical examination, had when the policy was applied for. The proof that the first condition was met is sought to be supplied by reference to the policy provision acknowledging receipt of the first premium but that may not be done for the simple reason that the terms of the policy never became a valid contract between the parties. There was a complete absence of proof as to whether a physician had been consulted or rendered treatment since the prior medical examination. The proof is conclusive that the delivery of the policy was conditional; that Dr. Berrien took no steps to meet the conditions and consequently that the policy never took effect as a contract binding upon the company. *Millville, &c., Insurance Co.* v. *Collerd,* 38 *N. J. L.* 480.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 16.

*For reversal*—None.